## Automobile Guarantee Corporation v. Leech, Appellant.

Argued October 13, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, DREW and LINN, JJ.

*Reuben Fingold,* with him *M. Y. Steinberg,* for appellant.

*H. E. McCamey,* of *Dickie, Robinson & McCamey,* with them *William W. Matson,* for appellee.

PER CURIAM, November 28, 1932:

This appeal is taken from the refusal of the court below to strike off a judgment on a promissory note signed by husband and wife. Quoting from the record, the note in part reads:

"For value received, (I,) (we,) promise to pay to the order of (Dealer's Name) Automobile Guarantee Corp'n. Thirty Four Hundred Fifty Six and $^{00}/_{100}$ Dollars.

"(Balance)

.   .   .   .   .   .   .   .   .   .   .

"And (I,) (we,) do hereby authorize, irrevocably, any attorney to appear for (me,) (us,) after maturity of the whole or any part hereof,......and to confess a judgment against (me,) (us,) in favor of the payee or any subsequent holder hereof......, which we agree to pay and to release all errors and waive all rights of appeal.

.   .   .   .   .   .   .   .   .   .   .

"Partnerships sign firm name by partner signing. Corporation sign corporate name by officer signing who must be authorized to sign checks.

"Signed  MAMIE LEECH  (SEAL)
    "(Lessee)
"By       WILLIAM LEECH
    "(Official Title)

· "Address ——————————————
    "(Street Address of Lessee)"

The petition of William Leech to strike off the judgment sets forth that "the warrant of attorney upon which judgment is confessed, was not signed by the defendant, William Leech, as maker, but for Mamie Leech."

In its opinion giving reasons for refusing to strike off the judgment, the court below states that, upon inspection, the original note, introduced at the hearing by plaintiff, was found to be signed by Mamie Leech and William Leech individually, and that "The words 'signed,' 'Lessee,' 'By,' and 'Official Title,' were but a part of the regular printed form that were not stricken out, and, therefore, are surplusage." It is obvious that one does not sign for another when that other's name is affixed by her own hand, and that the word "by" cannot, be regarded as having meaning, especially since it appears from the face of the note that many words in the printed form, which were put there by way of direction or to make the form available under various circumstances but were not germane to the instrument, were not stricken out. In addition to these reasons founded on the note itself, the court below had before it both the petition from which this appeal was taken and a petition of Mamie Leech to strike off the judgment entered on this note against her, containing the statement that no authority appears on the record empowering William Leech to sign for Mamie Leech, a statement inconsistent with William Leech's petition alleging he signed for her as agent, and which, if believed, would operate to bind

him as principal. Further corroboratory of the conclusion that the note was signed by both parties as principals is the bailment lease to which it was attached, which the court below found signed by both parties as principals. The note itself, and the collateral evidence as well, justify the conclusion of the court below.

The order discharging the rule to strike off the judgment against appellant is affirmed.